**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**FIRST MUNICIPAL DISTRICT, CIVIL DIVISION**

| | | |
|---|---|---|
| HORATIO HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Return Date: |
| RITA HEARD, Individually and as | ) | Amount Claimed: $10,000.00 |
| an agent of PACE SUBURBAN BUS | ) | |
| SERVICES, a Division of Regional | ) | |
| Transit Authority, a Municipal Corporation, | ) | |
| and PACE SUBURBAN BUS SERVICES, | ) | |
| a Division of the Regional Transit Authority, a | ) | |
| Municipal Corporation | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, HORATIO HILL, by and through his attorneys, DWORKIN & MACIARIELLO, and in complaining of the Defendants, RITA HEARD, Individually and as an agent of PACE SUBURBAN BUS SERVICES, a Division of Regional Transit Authority, a Municipal Corporation, and PACE SUBURBAN BUS SERVICES, a Division of the Regional Transit Authority (hereinafter referred to as "PACE") states and alleges as follows:

**COUNT I**
*Horatio Hill vs. Rita Heard – Negligence*

1. On November 7, 2020, and at all times material, West 95th Street was a public roadway operating in an easterly and westerly direction located in part in the City of Chicago, the County of Cook, and the State of Illinois.

2. On November 7, 2020, and at all times material, Western Avenue was a public roadway operating in a northbound and southbound direction located in part in the City of Chicago, the County of Cook, and the State of Illinois.

3. On November 7, 2020, and at all times material, traffic traveling in an easterly and westerly direction on 95th Street at the aforementioned intersection with Western Avenue was controlled by a traffic control device.

4. On November 7, 2020, and at all times material, the Defendant, PACE, was providing a transportation service to the residents of Evergreen Park Village, the County of Cook and in the State of Illinois.

5. On November 7, 2020, and at all times material, the Defendant, PACE,, owned, maintained, and controlled certain Axess Buses, including one bearing the Illinois license plate number M179029.

6. On November 7, 2020, and at all times material, the Defendant, PACE, hired certain people, including RITA HEARD, to operate the aforementioned bus for the purpose of providing transportation services to those throughout the County of Cook and in the State of Illinois.

7. On November 7, 2020, and at all times material, TRAMAL BUSCH, was the operator of a certain Axess Bus bearing the Illinois license plate M179011, and was traveling in an easterly direction on West 95th Street approaching the aforementioned intersection.

8. On November 7, 2020, and at all times material, the Plaintiff, HORATIO HILL, was a passenger in the aforementioned Axess Bus operated and controlled by TRAMAL BUSCH.

9. On November 7, 2020, and at all times material, the Defendant RITA HEARD, was the operator of a certain Axess Bus bearing the Illinois license plate M179029 and was traveling in an easterly direction on West 95th Street directly behind the aforementioned Axess Bus operated by TRAMAL BUSCH.

10. On November 7, 2020, and at all times material, the Axess Bus operated by TRAMAL BUSCH, was stopped at the aforementioned intersection.

11. On November 7, 2020, and at all times material, the Axess Bus the Defendant, RITA HEARD, was operating stopped behind the Axess Bus TRAMAL BUSCH was operating.

12. On November 7, 2020, and at all times material, the Defendant, RITA HEARD fell asleep with her foot on the brake, her foot lifted off the brake and the Axess bus struck the rear of the Axess bus TRAMAL BUSCH was operating.

13. On November 7, 2020, and at all times material, the Defendant, RITA HEARD, owed a duty to the other drivers on the roadway, including to the Plaintiff, to operate her vehicle with reasonable care.

14. On November 7, 2020, and at all times material, despite this duty, the Defendant, RITA HEARD, violated that duty in one or more of the following ways:

   a. Negligently and carelessly failed to keep a proper lookout ahead of her vehicle so as to be able to stop before striking the vehicle the Plaintiff was in, in violation of 625 ILCS 5/11-601(a);

   b. Negligently and carelessly failed to operate her vehicle at a reasonable speed as traffic demanded in violation of 625 ILCS 5/11-601(a);

   c. Negligently and carelessly failed to operate her vehicle with ordinary care so as to avoid a collision;

   d. Negligently and carelessly failed to reduce her speed as necessary to avoid a collision in violation of 625 ILCS 5/11-601(a);

   e. Negligently and carelessly failed to adhere to proper lane usage in violation of 625 ILCS 5/11-709;

   f. Negligently and carelessly failed to change the course of the direction of her vehicle so as to avoid striking the vehicle the Plaintiff was in;

   g. Negligently and carelessly failed to allow sufficient reaction time between her vehicle and the vehicle the Plaintiff was in to ensure she had ample time to bring his vehicle to a stop in violation of 625 ILCS 5/11-601(a).

15. As a result of the aforementioned negligent acts and/or omissions on behalf of the Defendant, RITA HEARD, the Plaintiff suffered bodily injury of a personal and pecuniary nature as hereinafter alleged.

16. As a proximate result of one or more of the aforementioned acts and/or omissions of the Defendant, RITA HEARD, the Plaintiff HORATIO HILL, then and there was caused to incur legal obligations for medical care, has been caused to suffer pain and disability, has suffered a loss of a normal life, and has lost and will continue to lose profit earning and wages she otherwise would have acquired.

WHEREFORE, the Plaintiff, HORATIO HILL, demands judgment against the Defendant, RITA HEARD, in an amount of $10,000.00 plus costs, and any other relief this court deems fair and just.

**COUNT II**
*Horatio Hill v. Pace– Respondeat Superior*

1. – 16. The Plaintiff, HORATIO HILL, by and through his attorneys, DWORKIN & MACIARIELLO, hereby adopts his allegations in paragraphs one through seventeen of Count I as his allegations for paragraphs one through sixteen of Count II as though fully set forth herein.

17. On November 7, 2020, and at all times material, the Defendant, PACE, provided transportation services to the residents of Evergreen Park, in the City of Chicago, the County of Cook, and the State of Illinois.

18. On November 7, 2020, and at all times material, the Defendant, PACE, owned, maintained, and controlled certain Axess Buses, including the one allegedly driven by the Defendant, RITA HEARD.

19. On November 7, 2020, and at all times material, the Defendant, PACE, employed RITA HEARD to operate said vehicle.

20. At all times mentioned herein, the Defendant, RITA HEARD, was an agent of the Defendant, PACE, and was acting within the scope and course of her agency with the Defendant, PACE.

21. By virtue of the agency relationship between the Defendant, RITA HEARD, and the Defendant, PACE, the Defendant, PACE, is vicariously liable for the acts of the Defendant, RITA HEARD.

WHEREFORE, the Plaintiff, HORATIO HILL, demands judgment against the Defendant, PACE, in an amount of $10,000.00 plus costs, and any other relief this court deems fair and just.

Respectfully Submitted:

*/s/ A. Torgrimson*

_____
The Attorney for the Plaintiff

Andrea Torgrimson
DWORKIN & MACIARIELLO
134 North LaSalle – Suite 650
Chicago, Illinois 60602
T: 312-857-7777
F: 312-757-4912
E: Atorgrimson@hammerjustice.com
Atty No.: 32387